OPINION
By STEVENS, J.
Plaintiff filed in the Court of Common Pleas an action for money only, wherein it was sought to recover a judgment against defendants for money (fees of the defendant Savings Deposit Co. as trustee) alleged to be wrongfully withheld by defendants.
Defendants, in their amended answer, claimed that said money was due to the defendant trustee as fees for services rendered in the administration of a testamentary trust.
The pleadings indicate an adjustment of disputed claims as to priorities of various assignments, which adjustment was reduced to writing.
No mention is made therein as to fees to be charged by the trustee, nor is there any waiver of such fees.
After distributing the property available for distribution under the provisions of said writing, but before paying to these plaintiffs (who are residuary distributees) the balance remaining after prior distributions, the defendant trustee deducted $432.86 as its fee, and set up the same in its sixth partial account filed in the Probate Court, which said partial account was thereafter approved by the Probate Court prior to the filing of this action in the Common Pleas Court.
The trial court held that it was without jurisdiction to entertain the action, and dismissed plaintiffs’ petition. Appeal on questions of law brings the case into this court.
Sec. 10501-53 GC, provides:
“Except as hereinafter provided, the Probate Court shall have jurisdiction * * *
“4. To appoint and remove guardians and testamentary trustees, direct and control their conduct, and settle their accounts;
“13. To direct and control the conduct of fiduciaries and settle their accounts.
“Such jurisdiction shall be exclusive in the probate court unless otherwise provided by law.
*268 “The probate court shall have plenary power at law and in equity fully to dispose of any matter properly before the court, unless the power is expressly otherwise limited or denied by statute.”
As stated by counsel for appellees: “Under this section the Probate Court had * * “jurisdiction to fix the trustee’s fee, and in any proceeding to determine the fee it had plenary power to dispose of matters arising in connection therewith, including the question as to whether the trustee had barred itself from charging a fee by reason of the execution of the contract of May 18, 1939.”
The writing itself being silent on the subject of trustee’s fees, a reasonable fee would be presumed to be payable for’ the trustee’s services, in the absence of a stipulation to the contrary, and when the trustee charged such fee, set the same up in its partial account as a charge, and the Probate Court allowed the charge, that issue was closed except to reexamination in the Probate Court upon exceptions, if permitted by the Probate Court, or to review in accordance with the statutes.
No such review having been taken, and belated exceptions to said partial account being now pending in the Probate Court, there was no jurisdiction in the Common Pleas Court to entertain a suit to recover money withheld by the trustee as trustee’s fees, when that matter had been decided by the Probate Court, which, by statute, had jurisdiction to settle the accounts of testamentary trustees. And further, so far as the Court of Common Pleas was concerned, the subject under consideration was res adjudicata, and that question had been properly raised by the pleadings.
Plaintiffs’ petition was properly dismissed by the trial court for want of jurisdiction.
Judgment affirmed.
WASHBURN, PJ., & DOYLE, J., concur.